**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **JESSIE SHORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.1:13CV155 SNLJ** |
| | ) |
| **SOUTH SCOTT COUNTY** | ) |
| **AMBULANCE DISTRICT AUXILIARY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM

This matter is before the Court on review of the file following assignment to the undersigned. Plaintiff filed a complaint in state court alleging a claim of disability discrimination under state law. The case was removed to this Court based on diversity jurisdiction. The notice of removal (Doc. #1) asserts that this Court has jurisdiction because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000.[1] The notice and complaint allege that plaintiff is a citizen of Arkansas and defendant is a citizen of Missouri.

The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; however, the party seeking removal has burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). "The Court has the duty to determine its jurisdiction and to raise the issue of jurisdiction *sua sponte*, if necessary." *Hutton v. Teva Neuroscience, Inc.*, 4:08CV1010 CEJ, 2008 WL 4862733, at *1 (E.D. Mo. Nov. 7, 2008) (citing *James Neff*

---

[1] The Notice of Removal does not sufficiently plead the amount in controversy. Because removal was improper on other grounds, it is not necessary to address this issue.

*Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 830 (8th Cir. 2005). If the Court determines that it does not have jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

"28 U.S.C. § 1441(b) makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff." *Brake v. Reser's Fine Foods, Inc.,* 4:08CV1879 JCH, 2009 WL 213013, at *1 (E.D. Mo. Jan. 28, 2009) (citing *Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). Under § 1441(b), the so-called "forum defendant rule," a defendant cannot remove a case based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton v. Conklin,* 431 F.3d 602, 604 (8th Cir. 2005). "[T]he violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton,* 431 F.3d at 605 (quoting *Hurt v. Dow Chemical Co., 963 F.2d 1142, 1146 (8th Cir. 1992)). This Court, therefore, lacks subject matter jurisdiction over a removed case where one of the defendants is a citizen of Missouri, even if complete diversity of citizenship otherwise exists. *See Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705-06 (8th Cir. 2003) *Hinkle v. Norfolk Southern Ry. Co.*, 4:05CV1867 CAS, 2006 WL 2521445, at *2 (E.D. Mo. Aug. 29, 2006).

Accordingly, because the defendant is a Missouri citizen, removal is barred by 28 U.S.C. § 1441(b)(2), this Court does not have subject matter jurisdiction over this cause of action, and remand is required.

Dated this 29th day of October, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE